### GOLDZIER v. CENTRAL R. CO. OF NEW JERSEY.

(Supreme Court, Appellate Term.   November 10, 1904.)

1. APPEAL—DIRECTION OF VERDICT—PREJUDICIAL EFFECT.
> Where the costs of a former appeal depend on the result of the trial, error in directing a verdict for defendant is cause for reversal, though plaintiff is entitled to only nominal damages.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Julia Goldzier against the Central Railroad Company of New Jersey. From a judgment for defendant, plaintiff appeals. Reversed.

For former opinion, see 88 N. Y. Supp. 214.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Charles Goldzier, for appellant.
Arthur S. Hamlin and Robert Thorne, for respondent.

BISCHOFF, J.   While the plaintiff may not have established a right to substantial damages, there was still ample evidence to take the case to the jury upon the question of the defendant's breach of contract to transport the passenger, and the direction of a verdict for the defendant defeated the plaintiff's right to a judgment upon a permissible verdict for at least nominal damages. Costs of an earlier appeal, taken successfully by this plaintiff, depended upon the result of the trial, and a correct disposal of the case, if resulting in judgment for the plain-

¶ 1. See Appeal and Error, vol. 3, Cent. Dig. § 4553; Damages, vol. 15, Cent. Dig. §§ 16–18.

tiff, would also have saved her from the costs awarded to the defendant. The error in the direction of a verdict, therefore, cannot be viewed as affecting a barren right; and the plaintiff is entitled to a reversal of this judgment for the purpose of protecting her substantial interest, notwithstanding that she may ultimately recover no more than nominal damages. Moore v. R. R. Co., 4 Misc. Rep. 132, 23 N. Y. Supp. 863.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.